■    In the Matter of MICHAEL ESSLIE, an Infant, by ROBERT ESSLIE, His Guardian ad Litem, Respondent, v. CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF DURHAM, CAIRO AND GREENVILLE, GREENE COUNTY, et al., Appellants.

— Appeal from an order of the Supreme Court, Greene County, granting an application by an infant for leave to file a late notice of claim for personal injuries (General Municipal Law, § 50-e, subd. 5). The infant, then 13 years of age, allegedly sustained injuries to his face on June 11, 1962 while playing baseball on the school playground. The instant proceeding was not commenced, however, until June 3, 1963. Appellants assert that Special Term should not have granted the motion on the grounds that the record does not establish that failure to file within the 90-day period was due to infancy and that, in any event, the application was not filed " within a reasonable time " after the expiration of the 90-day period as required by subdivision 5 of section 50-e since some five months elapsed between the time counsel was retained and this proceeding commenced. The cases demonstrate that the courts have been liberal in interpreting subdivision 5 of section 50-e (e.g., *Matter of Pandoliano* v. *New York City Tr. Auth.*, 17 A D 2d 951; *Matter of Biancoviso* v. *City of New York*, 285 App. Div. 320; *Matter of Hogan* v. *City of Cohoes*, 279 App. Div. 282; but cf. *Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939, affd. 11 N Y 2d 680; *Matter of Osborn* v. *Board of Educ.*, 5 A D 2d 929; *Galerneau* v. *North Colonie Cent. School Dist.*, 7 A D 2d 693). We believe that under the circumstances of the instant case Special Term did not improvidently exercise its discretion. While the delay in giving notice was due to the actions of his parents and later his attorneys, it " was also attributable, whether in greater or lesser degree, to the disabilities and limitations incident to the infant's infancy." (*Matter of Pandoliano* v. *New York City Tr. Auth.*, supra, p. 951.) In the proper exercise of discretion Special Term could fairly conclude here that if the infant had not suffered " the natural disabilities and limitations inherent in his infancy," he might well have been able to adequately protect his rights (*Matter of Pandoliano* v. *New York City Tr. Auth.*, supra, p. 951). Order affirmed, with $10 costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.