THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL F. D'ANGELO, Appellant.— Judgment and the order entered following hearing as to voluntariness of statements made by defendant as ordered by this court (24 A D 2d 829) unanimously affirmed. (Appeal from judgment of Monroe County Court convicting defendant of grand larceny, first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARROLL KELLEY, Appellant.— Judgment unanimously modified on the law and facts in accordance with memorandum and as modified, affirmed. Memorandum: Defendant went to trial on a two-count indictment accusing him of committing the crimes of burglary, third degree, and petit larceny as part of a single transaction. After the People rested, the court denied defendant's motion to dismiss but stated that it would submit the first count as unlawful entry. Thereafter defendant pleaded guilty to unlawful entry under the first count and petit larceny under the second count. The court sentenced defendant to a term of one year on each count, to run consecutively. We conclude that it was error to make the sentences run consecutively. Under the facts in this case, defendant pleaded guilty to unlawful entry in that he entered a building without a breaking with intent to commit larceny therein under the first count of the indictment and petit larceny under the second count. Thus, the plea admitted the facts which established that both crimes arose out of a single transaction motivated by a continuing intent to commit larceny. Consequently it was improper to impose consecutive sentences. (See *People ex rel. Maurer* v. *Jackson,* 2 N Y 2d 259.) We do not reach or pass upon whether a plea of guilty to a reduced charge of unlawful entry and petit larceny in satisfaction of an indictment charging burglary and petit larceny would never warrant consecutive sentences. Pursuant to the authority of subdivision 1 of section 543 of the Code of Criminal Procedure the judgment should be modified by directing that the two sentences run concurrently and not consecutively. (Appeal from judgment of Erie County Court convicting defendant of unlawful entry and petit larceny.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

In the Matter of GERALD KLEE, an Infant by WALTER KLEE, His Natural Guardian and Parent, Appellant, v. BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents.— Order unanimously reversed, with costs, and motion granted. Memorandum: The record discloses a " cognizable relation between the fact of infancy and the failure to file a claim within the statutory time, limitation " (*Matter of Borowski* v. *Town of Clarence,* 19 A D 2d 580). While the infant was 18 years old at the time of the accident, he is severely mentally retarded and apparently has a mental age of about five years or less. Some of the delay may have been due to the negligence or dilatory tactics of his former attorneys. This delay in the light of the infant's mental condition is not necessarily controlling. Basically such error was also attributable, whether in a greater or lesser degree, to the disabilities and limitations of this infant (*Matter of Esslie* v. *Central School Dist. No. 1,* 20 A D 2d 748; *Matter of Pandoliano* v. *New York City Tr. Auth.,* 17 A D 2d 951). Under the circumstances in this particular case, permission to serve the notice of claim annexed to the moving papers should be granted. (Appeal from order of Erie Special Term denying plaintiff's motion for leave to serve a notice of claim on defendants.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.