to be without merit. Concur—Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.

■ FRANK FLORES et al., Respondents, v LAS AMERICAS COMMUNICATIONS, INC., et al., Appellants and Third-Party Plaintiffs-Appellants. NEW YORK NATIONAL BANK et al., Third-Party Defendants-Respondents. [630 NYS2d 502] —Judgment, Supreme Court, New York County (David Saxe, J.), entered May 6, 1994, which awarded plaintiffs $492,623.29, including $42,968.50 for attorneys' fees and dismissed the third-party complaint, and, order of the same court and Justice, entered December 21, 1994, which denied defendants' motion to renew and to vacate the judgment entered May 6, 1994, unanimously modified, on the law, to the extent of vacating the award of attorneys' fees and otherwise affirmed, for the reasons stated by Saxe, J., with costs.

Defendants correctly contend that since the language of the parties' agreement did not clearly provide for the recovery of attorneys' fees, the court erred in awarding such fees to plaintiffs (*Hooper Assocs. v AGS Computers*, 74 NY2d 487; *cf., Breed, Abbott & Morgan v Hulko*, 74 NY2d 686, *affg* 139 AD2d 71). We further note that since issue had been joined and the parties clearly indicated that they were deliberately charting a summary judgment course, the IAS Court did not err in treating plaintiffs' motion to dismiss pursuant to CPLR 3211 (b) as one for summary judgment pursuant to CPLR 3212 (*Mihlovan v Grozavu*, 72 NY2d 506).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.

■ KATHERINE SEIF, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY HOUSING AUTHORITY, Respondent-Appellant. [630 NYS2d 742] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered May 19, 1994, which granted petitioner's application to file a late notice of claim against respondent the New York City Housing Authority, is unanimously reversed, on the law, the facts and in the exercise of discretion, the petition denied and the proceeding is dismissed without costs.

Petitioner Katherine Seif was allegedly injured on or about February 23, 1993 when she slipped and fell outside her apartment building which is designated as 2700 Randall Avenue, Bronx, New York. Petitioner served a notice of claim upon respondent the City of New York on or about May 24, 1993 and a statutory General Municipal Law § 50-h hearing was held on

September 17, 1993. During the hearing, Ms. Seif testified that although the sidewalk in front of her "house" had been shoveled, the left side of the path had not been cleared well leaving a sheet of ice upon which she slipped and fell, injuring her shoulder.

On or about November 16, 1993, petitioner moved for leave to file a late notice of claim, asserting, *inter alia*, that it had "[o]nly recently" been discovered that the building was owned by the Housing Authority. The IAS Court granted leave in a brief order holding, *inter alia*, that petitioner provided a valid excuse for the delay. The Housing Authority appeals and we now reverse.

While we are mindful of the fact that the IAS Court has broad discretion to permit the late filing of a notice of claim, giving due consideration to the various statutory considerations set forth in General Municipal Law § 50-e (5) (*Matter of Feliciano v New York City Hous. Auth.*, 188 AD2d 296; *Matter of Andrews v Village of Sherburne*, 140 AD2d 790, *lv denied* 72 NY2d 807), in this case we find that the IAS Court abused its discretion.

Initially, we note that petitioner is required to provide an adequate excuse for the delay in filing the notice of claim (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141, 142, *affd* 78 NY2d 958; *Pavone v City of New York*, 170 AD2d 493; *Matter of Barzaga v New York City Hous. Auth.*, 204 AD2d 163). Petitioner, however, has failed to do so and her attorney's affirmation that "[o]nly recently * * * this office became aware that the owner of the premises was The New York City Housing Authority" amounts to nothing more than law office failure, *i.e.*, to properly research what entity owned the property in the first instance.

The fact that the City of New York was properly and timely served is of no moment as the owner of the building, as we have already pointed out, could easily have been ascertained (*Pavone v City of New York, supra*, at 493; *Matter of D'Andrea v City of Glen Cove Pub. Schools*, 143 AD2d 747). In any event, no evidence is presented that the Housing Authority is an alter ego of the City of New York and notice to the City may not be imputed to the Authority (*Pavone v City of New York, supra; see also, Kalenda v Buffalo Mun. Hous. Auth.*, 203 AD2d 937, *lv denied* App Div, 4th Dept, July 1, 1994).

Respondent Housing Authority also claims to be prejudiced by petitioner's untimely notice. While petitioner testified, at the section 50-h hearing, that she slipped and fell on a sheet of ice, the proposed notice of claim states that the Housing

Authority was negligent in "causing, allowing, permitting and maintaining a * * * cracked, *raised, irregular* * * * condition on said sidewalk and further in permitting and allowing snow and ice to accumulate" (emphasis added). The Housing Authority, as a result of the delay, was deprived of an opportunity to examine and investigate the allegedly defective condition of the sidewalk at or around the time of the incident due to petitioner's late notice.

Lastly, petitioner's vague, unsubstantiated argument that the Housing Authority had actual notice of the claim because an unidentified worker for the Housing Authority was informed by petitioner's nurse's aide when, where and why Mrs. Seif had fallen is insufficient to justify the relief sought (*Matter of Barzaga v New York City Hous. Auth.*, *supra*, at 164; *Lopez v New York City Hous. Auth.*, 193 AD2d 473), as the affidavit contains nothing more than conclusory assertions totally devoid of any specific statements of what was actually communicated or the identity of the maintenance man. Concur—Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.