■ In the Matter of ROBIN AMIN, Appellant, v CITY OF NEW YORK et al., Respondents. [663 NYS2d 93] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a

late notice of claim, the petitioner appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated July 29, 1996, which denied her application.

Ordered that the order is affirmed, with costs.

The key factors in determining whether leave to serve a late notice of claim should be granted are whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see, Joseph v New York City Tr. Auth.*, 237 AD2d 255; *Matter of Buddenhagen v Town of Brookhaven*, 212 AD2d 605; *Matter of Shapiro v County of Nassau*, 208 AD2d 545).

Upon consideration of these factors, we find that the Supreme Court properly denied the petitioner's application for leave to serve a late notice of claim. The petitioner was allegedly injured on March 14, 1995, when a car service vehicle in which she was a passenger collided with an automobile owned by the respondents and operated by an employee of the respondent City of New York. However, the petitioner did not seek leave to serve a late notice of claim until June 1996, which is more than 14 months after the accident. Although the petitioner attempted to explain this lengthy delay by claiming that she was unaware of the fact that the second vehicle involved in the accident was a municipal vehicle, she concedes that she received a police accident report which revealed the vehicle's ownership in October 1995, approximately nine months before this proceeding was commenced. Furthermore, the police report, which briefly described the accident, did not provide the City with notice of the nature of the petitioner's claim (*see, Matter of Dancy v Poughkeepsie Hous. Auth.*, 220 AD2d 413; *Shapiro v County of Nassau, supra; Matter of Dube v City of New York*, 158 AD2d 457). Under these circumstances, the denial of the petitioner's application was not an improvident exercise of discretion (*see, Speciale v City of New York*, 204 AD2d 430; *Matter of Dube v City of New York, supra*). Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.