■ In the Matter of YEVA YEARUSSKAYA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [719 NYS2d 282] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 10, 1999, which denied the application.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the petitioner's application for leave to serve a late notice of claim, as the petitioner did not provide any reasonable excuse for failing to serve a timely notice of claim (*see,* General Municipal Law § 50-e [1] [a]; [5]). The petitioner failed to demonstrate that she was incapacitated to such an extent that she was unable to comply with the statutory notice of claim requirement (*see, Figueroa v City of New York,* 92 AD2d 908, 909). Although a police report was filed regarding the accident, it did not constitute actual notice to the respondent of the essential facts constituting the petitioner's claim (*see, Matter of Dominguez v City of New York,* 272 AD2d 326; *Matter of Deegan v City of New York,* 227 AD2d 620). Finally, the passage of over five months between the date of the petitioner's accident and her application to serve a late notice of claim prejudiced the respondent because "it had no opportunity to investigate the transitory condition that allegedly precipitated the claimant's fall" (*Doherty v City of New York,* 251 AD2d 368, 369). O'Brien, J. P., Krausman, Goldstein and Schmidt, JJ., concur.