■ NICHOLAS SKAMAGAS, Respondent, v BOARD OF EDUCATION OF WEST HEMPSTEAD UNION FREE SCHOOL DISTRICT, Appel-

lant, et al., Defendant. [720 NYS2d 542] —In an action to recover damages for personal injuries, the defendant Board of Education of West Hempstead Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated March 9, 2000, as granted the plaintiff's motions for leave to reargue and leave to renew, and upon renewal and reargument, denied that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff failed to timely serve a notice of claim, and granted that branch of the plaintiff's prior cross motion which was, in effect, for leave to file a late notice of claim nunc pro tunc.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 6, 1994, the plaintiff, then 16 years old, was allegedly injured when he was assaulted by another student on the grounds of West Hempstead High School. A notice of claim alleging negligent supervision was served on the appellant on June 14, 1996. Thereafter, the plaintiff's mother, who was appointed guardian ad litem pursuant to CPLR 1201 based on a finding that the plaintiff was an adult incapable of adequately protecting his rights, commenced this action on his behalf. The Supreme Court initially granted that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff had failed to timely serve a notice of claim and denied that branch of the plaintiff's cross motion which was, in effect, for leave to serve a late notice of claim nunc pro tunc. However, upon reargument and renewal, the Supreme Court denied the branch of the appellant's motion which was for summary judgment and granted the branch of the plaintiff's cross motion which was, in effect, for leave to serve a late notice of claim.

Contrary to the appellant's contentions, the Supreme Court providently exercised its discretion in granting the plaintiff's motions for leave to reargue and leave to renew (see, CPLR 2221 [d] [2]; [e] [2], [3]). Further, the affidavit of the plaintiff's treating psychiatrist, submitted with the motion for renewal, established that, since the time of the incident the plaintiff has been unable to manage his affairs or comprehend and protect his legal rights because of an overall inability to function in society, and is therefore "insane" within the meaning of CPLR 208 (see, Barnes v County of Onondaga, 65 NY2d 664; Cairl v County of Westchester, 150 AD2d 749; Yannon v RCA Corp., 131 AD2d 843). Because the plaintiff was under a disability

when his cause of action accrued, the Statute of Limitations was tolled and his cross motion for leave to serve a late notice of claim was timely (*see,* CPLR 208; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256).

The Supreme Court also providently exercised its discretion in granting the plaintiff leave to serve a late notice of claim. The appellant acquired actual knowledge of the facts underlying the claim within 90 days of the incident (*see, Matter of Fierro v City of New York,* 271 AD2d 608; *Lewis v New York City Tr. Auth.,* 100 AD2d 896). Further, it does not appear that the appellant was prejudiced by the delay in serving the notice of claim (*see, Cruz v City of Yonkers,* 268 AD2d 501), which was attributable, in part, to the plaintiff's infancy and mental condition (*see, Matter of Fierro v City of New York, supra*; *Matter of Klee v Board of Coop. Educ. Servs.,* 25 AD2d 715). Ritter, J. P., Krausman, McGinity and Smith, JJ., concur.