■ JEFFRY GALLET, Appellant, v GAIL WASSERMAN, Respondent. [722 NYS2d 389] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered February 22, 2000, modifying the parties' judgment of divorce so as to increase plaintiff's obligation to pay defendant child support, after a hearing conducted pursuant to a prior order, same court and Justice, entered August 31, 1999, which declared the child support provisions of the parties' separation agreement, incorporated but not merged into the judgment of divorce, to be void and directed a hearing to recalculate plaintiff's retroactive and prospective child support obligations, unanimously reversed, on the law, without costs, and said order and judgment vacated in view of this Court's prior order reversing the IAS court's order of August 31, 1999 (280 AD2d 296). Concur—Williams, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.

■ VALERIANA LUGO, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [724 NYS2d 28] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered February 28, 2000, which denied petitioner's application to serve a late notice of claim, unanimously affirmed, without costs.

Petitioner contends that her notice of claim against respondent Housing Authority was not timely served because her attorney only belatedly ascertained that the owner of the premises where petitioner's accident is alleged to have occurred was not the City of New York but respondent Housing Authority. The failure of petitioner to communicate to her attorney the proper party to sue, however, does not, particularly under the present circumstances in which the identity of the owner of the subject premises was easily ascertainable, excuse petitioner's failure to serve a timely notice of claim (see, *Quinn v Manhattan & Bronx Surface Tr. Operating Auth.*, 273 AD2d 144; *Seif v City of New York*, 218 AD2d 595, 596). Additionally, we would note that the description of the claim, even if timely served, would have been insufficient in describing the place and nature of the accident, and would not have provided respondent with adequate notice to conduct a meaningful investigation. Concur—Williams, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.