Birnbaum v City of New York (2004 NY Slip Op 50246(U))

[*1]

Birnbaum v City of New York

2004 NY Slip Op 50246(U)

Decided on April 2, 2004

Supreme Court, Kings County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 2, 2004

Supreme Court, Kings County,
 Ben Birnbaum, an Infant by his Mother and Natural Guardian, Alisa Birnbaum, and Alisia Birnbaum, Individually, Plaintiffs, -v
against
The City of New York, et ano, Defendant(s).
Index No. 17182/02

plaintiff was represented by: Julien & Schlesinger, P.C.
150 William Street, New York, NY 10038
defendant was represented by: Jacobowitz, Garfinkel & Lesman
110 William Street, New York, N.Y. 10038

MARK PARTNOW, J.
.
Upon the foregoing papers, plaintiffs Ben Birnbaum, an infant, by his mother and natural guardian, Alisa Birnbaum, and Alisa Birnbaum, individually, move, pursuant to GML § 50-(e)(5), for an order granting them leave to serve a late notice of claim upon third-party defendant New York City School Construction Authority (NYCSCA).
On June 8, 2001, Ben Birnbaum was allegedly injured while rollerblading on the grounds of P.S. 193 in Brooklyn when he fell on a brick from which a short metal pole protruded. Plaintiffs timely served a notice of claim upon defendants City of New York and the Board of Education of the City of New York and, thereafter, commenced this action against them on or about April 30, 2002. On or about September 11, 2003, defendants commenced a third-party action seeking indemnification and/or contribution against NYCSCA. Plaintiffs now move for an order granting them leave to serve a late notice of claim upon NYCSCA.
As an initial matter, plaintiffs' motion is timely with respect to the infant. The accident occurred on June 8, 2001; thus, in accordance with GML § 50-i, the time to commence an action expired on September 8, 2002. While GML § 50-e(5) prohibits the court from considering a motion to file a late notice of claim if its is made after the statute of limitations has expired, in [*2]Cohen v Pearl River Union Free School Dist. (51 NY2d 256), the Court of Appeals held that "the period specified in [General Municipal Law § 50-e(5)] during which a court may authorize service of a late notice of claim is completely coextensive with the time limited for commencing an action against a public corporation and is therefore similarly subject to the tolling provisions [for infancy] of CPLR 208." Therefore, Ben Birnbaum, an infant, is entitled to receive the benefits of the infancy toll and the court may entertain the motion insofar as it pertains to his claims.
To the extent that plaintiffs seek leave to serve a late notice of claim with regard to the derivative claims of the infant's mother, the application is denied. The infancy tolling provision does not toll any time limitations applicable to the parent (see generally Henry v City of New York, 94 NY2d 275 [derivative claims of parents dismissed but direct claims of infant-plaintiff allowed despite untimely filing of action because infant-plaintiff was entitled to receive the benefit of the infancy tolling provisions of CPLR 208]; see also Pierson v City of New York, 56 NY2d 950, 955-56 [a court "lack[s] the power to authorize the late filing of the notice [of claim]" where "the time for filing a notice without court approval had expired and no application for an extension was made prior to the expiration of the Statute of Limitations"]).
The toll for infancy does not mandate that plaintiffs' application with respect to the infant's claims be automatically granted; rather, "the decision to grant or deny an extension under § 50-e(5) is still purely a discretionary one" (Cohen, 51 NY2d at 265). Accordingly, the court must make its determination based on the factors enumerated in General Municipal Law § 50-e(5).
Pursuant to General Municipal Law § 50-e (5), the key factors in determining whether leave to serve a late notice of claim should be granted are whether the petitioner has demonstrated a reasonable excuse for the failure to file a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits" (Amin v City of New York, 243 AD2d 467, 468).
While the infancy of a plaintiff may provide a reasonable excuse for a delay in serving a notice of claim, it is well established that the fact of infancy alone will not suffice as a basis for granting plaintiff leave to file a late notice of claim (see Brown, 293 AD2d 748; Matter of Knightner v City of New York, 269 AD2d 397). Infancy may be considered as a factor by the court even in the absence of any nexus between the plaintiff's infancy and the delay in filing the notice of claim (see Ali v Bunny Realty Corp., 253 AD2d 356, 357; Matter of Kurz v New York City Health and Hosps. Corp., 174 AD2d 671, 673). Where the delay is found to be attributable to the plaintiff's infancy, however, such factor weighs heavily in favor of granting plaintiff's application for leave to serve a late notice of claim (see Skamagas v Bd. of Educ. of West Hempstead Union Free School, 280 AD2d 596; Sanna v Bethpage Pub. Schools Union Free School Dist. 21, 193 AD2d 606, 607). In this case, the court finds that, save for Ben Birnbaum's infancy, all the relevant factors weigh against granting such relief. First, it is undisputed that the infancy of Ben Birnbaum was unrelated to the delay in serving the notice of claim. Despite the infant's age, an attorney was timely retained and that attorney not only commenced an action against defendants in a timely manner, but also served timely notices of claim upon those [*3]defendants (cf. Henry v City of New York, 94 NY2d 275 [plaintiff entitled to infancy toll in action brought against municipality where guardian had filed timely notice of claim but failed to file action within applicable time period because "[infancy] status is not altered by the action or inaction of the infant's parent or guardian"]; Matter of Klee v Bd. of Cooperative Educ. Servs., 25 AD2d 715 [permission to file late notice of claim granted where "disabilities and limitations" of severely mentally retarded 18 year old were related to his failure to file a claim within the statutory time]; Esslie v Central School Dist. 1, 20 AD2d 748, 749 [court properly exercised its discretion by granting plaintiff leave to file late notice of claim where the court "could fairly conclude . . . that if the plaintiff had not suffered the natural disabilities and limitations inherent in his infancy, he might well have been able to adequately protect his rights"] [internal quotation marks and citation omitted]).
Here, the attorney's failure to serve a timely notice of claim against NYCSCA was based upon the fact that he was unaware of any culpability on NYCSCA's part until he received a copy of the third-party complaint. Since a proper investigation could have provided the attorney with this information, plaintiffs fail to proffer an adequate excuse for the delay (see Seif v The City of New York, 218 AD2d 595).
Moreover, the third-party defendant alleges, and there is no evidence to the contrary, that it never received actual notice of the essential facts constituting the claim within 90 days following the accrual of the claim or within a "reasonable time thereafter." Notably, NYCSCA is not an alter ego of the City of New York or the Board of Education of the City of New York; thus, notice to them cannot be imputed to NYCSCA (see Public Auth. Law § 1727; Seif, 218 AD2d at 743). While General Municipal Law § 50-e(5) makes clear that notice is only one factor for the court to consider, it is, nonetheless, an important one (Ali, 253 AD2d at 358).
Finally, the court concludes that NYCSCA would be prejudiced by the granting of plaintiff's application to serve a late notice of claim, made some two and one-half years after the accident. Given the transitory nature of the alleged defective condition in the schoolyard, NYCSCA's ability to investigate and examine the condition would be greatly compromised as a result of the delay (see Seif, 218 AD2d at 594; Matter of D'Andrea v City of Glen Cove Public Schools, 143 AD2d 747, 748).
Accordingly, plaintiffs' application for leave to serve a late notice of claim upon third-party defendant New York City School Construction Authority is denied.
This constitutes the decision and order of the court.
E N T E R,
J. S. C.
Decision Date: April 02, 2004