■ Bridgeview at Babylon Cove Homeowners Association, Inc., Appellant, v Incorporated Village of Babylon, Respondent, et al., Defendant. [837 NYS2d 330]—

In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated May 18, 2006, which granted the motion of the defendant Incorporated Village of Babylon pursuant to CPLR 3212 for summary judgment dismissing the complaint insofar as asserted against it for failure to comply with General Municipal Law § 50-e and denied its cross motion to deem its notice of claim timely served.

Ordered that the order is affirmed, with costs.

On May 27, 2005 the plaintiff sustained injury to its property when a boat that had been moored at a dock owned by the Incorporated Village of Babylon drifted through the Boynes Canal and crashed into its bulkhead and dock. On or about October 20, 2005 the plaintiff served the Village with a notice of claim and commenced this action by filing a summons and complaint on January 30, 2006. When the Village moved for summary judgment dismissing the complaint insofar as asserted against it for failure to serve a timely notice of claim, the plaintiff cross-moved to deem the notice of claim timely served.

The Supreme Court providently exercised its discretion in granting the Village's motion and denying the plaintiff's cross motion after considering all of the relevant facts and circumstances (see General Municipal Law § 50-e [5]; Matter of Henriques v City of New York, 22 AD3d 847, 848 [2005]; Bovich v East Meadow Pub. Lib., 16 AD3d 11, 19-20 [2005]). The plaintiff failed to offer an acceptable excuse for the failure to timely file a notice of claim. The plaintiff asserts that it was unable to confirm, until it received a police report more than four months after the incident, that the Village was the owner of the dock where the offending boat allegedly was moored. The plaintiff's failure, however, to properly research the entity that owned the dock in the first instance was not an acceptable

excuse (*see Matter of Nieves v Girimonte,* 309 AD2d 753, 754 [2003]; *Seif v City of New York,* 218 AD2d 595, 596 [1995]; *cf. Matter of Bollerman v New York City School Constr. Auth.,* 247 AD2d 469, 470 [1998]).

Most importantly, the plaintiff failed to demonstrate that the Village had actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. "What satisfies the statute is not knowledge of the wrong but notice of the claim. The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542, 543 [1996]; *see Pappalardo v City of New York,* 2 AD3d 699, 700 [2003]; *Matter of Nieves v Girimonte, supra; Matter of Brown v County of Westchester,* 293 AD2d 748, 749 [2002]). The plaintiff contends that the Village acquired actual knowledge of the claim within 90 days after the claim arose by virtue of a police field report and a letter sent to the Village's Mayor by the plaintiff. While these papers contained information as to how the incident occurred, they did not suggest any connection between the damage to the plaintiff's property or the happening of the incident and any alleged negligence by the Village in the ownership, operation, security, and maintenance of its dock (*see Matter of Henriques v City of New York, supra; Meehan v City of New York,* 295 AD2d 581, 582 [2002]; *Rabanar v City of Yonkers,* 290 AD2d 428, 429 [2002]). Finally, the plaintiff did not establish that the Village would not be prejudiced by the delay (*see Matter of Alexander v Board of Educ. for Vil. of Mamaroneck,* 18 AD3d 654, 655 [2005]; *Matter of Lorseille v New York City Hous. Auth.,* 295 AD2d 612 [2002]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.