■ In the Matter of JOSEPH PORTNOV, Respondent, v CITY OF GLEN COVE, Appellant. [856 NYS2d 655]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the City of Glen Cove appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated June 15, 2007, which granted the petition and deemed the notice of claim timely served nunc pro tunc.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner, while walking in the parking lot of the Glen Cove Yacht Club (hereinafter the Yacht Club) on February 6, 2006, allegedly was injured when he tripped and fell on a dangerous and/or defective portion of the pavement. He commenced a timely action against the Yacht Club in the Supreme Court, Queens County, but did not learn until August 23, 2006 that the City of Glen Cove owned the parking area and was responsible for its maintenance. On September 8, 2006 the petitioner served a late notice of claim upon the City and moved, within the context of the Queens County action, for leave to serve a late notice of claim. The Supreme Court, Queens County, denied the motion, holding that, pursuant to CPLR 504, an action against a city must be commenced in the county where the city is located. The Supreme Court, Queens County, directed the petitioner to make the application for leave to serve a late notice of claim in the proper county. In April 2007 the petitioner commenced this proceeding in the Supreme Court, Nassau County, for leave to serve a late notice of claim. The Supreme Court granted the petition. We reverse.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim. Contrary to the petitioner's assertion, the City did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter by virtue of the Glen Cove Police Department aided case report, since there was nothing in the report to connect the occurrence with any negligence on the part of the City (see *Matter of Felice v East Port/South Manor Cent. School Dist.*, 50 AD3d 138, 148-150 [2008]; *Matter of Yearusskaya v New York City Tr. Auth.*, 279 AD2d 583 [2001]; *Matter of Guiliano v Town of Oyster Bay*, 244 AD2d 408, 409 [1997]; *Caselli v City of New York*, 105 AD2d 251, 258 [1984]). Moreover, the petitioner failed

to demonstrate that he was incapacitated to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim (*see Matter of Papayannakos v Levittown Mem. Special Educ. Ctr.*, 38 AD3d 902 [2007]; *cf. Matter of Olsen v County of Nassau*, 14 AD3d 706 [2005]). A bone fracture is not an incapacitation which would prevent the service of a timely notice of claim (*see Matter of Embery v City of New York*, 250 AD2d 611 [1998]).

The petitioner's failure to ascertain the City's ownership and/or maintenance of the Yacht Club parking lot also did not constitute a reasonable excuse, since he failed to demonstrate that either he or his counsel made any effort to investigate or research the ownership and maintenance issue (*see Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon*, 41 AD3d 404, 405-406 [2007]; *Jenkins v New York City Hous. Auth.*, 29 AD3d 319, 319-320 [2006]; *Matter of Nieves v Girimonte*, 309 AD2d 753, 754 [2003]).

Moreover, the petitioner did not establish that the City would not be prejudiced by the delay (*see Matter of Aguilar v Town of Islip*, 294 AD2d 358, 359 [2002]; *Matter of Yearusskaya v New York City Tr. Auth.*, 279 AD2d at 583).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.