■ In the Matter of STEPHEN CHARLES, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [887 NYS2d 854]—

In a proceeding, inter alia, for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Miller, J.), dated August 13, 2008, which denied that branch of his petition which was for leave to serve a late notice of claim upon the City of New York and the New York City Police Department.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim upon the City of New York and the New York City Police Department (hereinafter together the City) after considering all of the relevant circumstances (*see* General Municipal Law § 50-e [5]). Initially, the petitioner failed to demonstrate a reasonable excuse for not serving a timely notice of claim (*see Matter of Korman v Bellmore Pub. Schools*, 62 AD3d 882, 883 [2009]; *Matter of Portnov v City of Glen Cove*, 50 AD3d 1041, 1042-1043 [2008]). Moreover, he failed to establish that the City acquired actual knowledge of the essential facts underlying his claims within 90 days or a reasonable time thereafter. The police department and correctional facility records identified by the petitioner do not link the petitioner's injuries with any wrongdoing on the part of the City (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 536 [2006]; *Matter of Portnov v City of Glen Cove*, 50 AD3d at 1042; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 155 [2008]). Finally, the petitioner failed to establish that the delay in serving a notice of claim will not substantially prejudice the City (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152-153; *Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon*, 41 AD3d 404, 406 [2007]).

The petitioner's remaining contention is without merit. Covello, J.P., Santucci, Chambers and Lott, JJ., concur. [*See* 20 Misc 3d 1133(A), 2008 NY Slip Op 51719(U).]