■ In the Matter of DAVID LEBRON, Respondent, v VILLAGE OF SPRING VALLEY et al., Appellants. [916 NYS2d 842]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Rockland County (Weiner, J.), dated January 6, 2010, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is denied.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim. The petitioner failed to provide a reasonable excuse for his failure to serve a timely notice of claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). Moreover, the evidence submitted by the petitioner with his petition failed to establish that the Village of Spring Valley had actual knowledge of the essential facts constituting his claims within 90 days following their accrual or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 536 [2006]; *Matter of Bush v City of New York*, 76 AD3d 628, 629 [2010]; *Matter of Charles v City of New York*, 67 AD3d 793 [2009]). Finally, the petitioner failed to establish that the delay in serving a notice of claim would not substantially prejudice the Village (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 539; *Matter of Bush v City of New York*, 76 AD3d at 629; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152-153). Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur.