■ In the Matter of HELENE SCHOEN, Appellant, v CITY OF NEW YORK, Respondent. [926 NYS2d 907]—

The Supreme Court providently exercised its discretion in denying the petition. The petitioner did not demonstrate a reasonable excuse for her failure to serve a timely notice of claim. The record reveals that while the petitioner may have been physically incapacitated for the first three or four months after the accident, she failed to demonstrate that the additional delay in retaining an attorney was due to her physical or mental incapacity (*see Matter of Portnov v City of Glen Cove*, 50 AD3d 1041, 1043 [2008]; *Matter of Embery v City of New York*, 250 AD2d 611 [1998]; *Robertson v New York City Hous. Auth.*, 237 AD2d 501, 502 [1997]).

Furthermore, the respondent did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter by virtue of the New York City Fire Department Prehospital Care Report, since there was nothing in the report to connect the occurrence with any negligence on the part of the respondent (*see Matter of Portnov v City of Glen Cove*, 50 AD3d at 1042; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147-148 [2008]; *Matter of Yearusskaya v New York City Tr. Auth.*, 279 AD2d 583 [2001]; *Matter of Guiliano v Town of Oyster Bay*, 244 AD2d 408, 409 [1997]; *Caselli v City of New York*, 105 AD2d 251, 258 [1984]). The mere fact that New York City Fire Department and Emergency Medical Service personnel were at the scene of the accident is insufficient to impute the requisite knowledge to the respondent (*see Matter of Pico v City of New York*, 8 AD3d 287, 288 [2004]; *Matter of Vitali v City of New York*, 205 AD2d 636 [1994]; *Matter of Russ v New York City Hous. Auth.*, 198 AD2d 361, 362 [1993]). Finally, the lack of

actual knowledge, coupled with the 11-month delay in seeking leave to serve the late notice of claim, clearly prejudiced the respondent's ability to defend the claim on its merits (*see Matter of Beary v City of Rye*, 44 NY2d 398 [1978]; *Matter of Russ v New York City Hous. Auth.*, 198 AD2d at 362).

The petitioner's remaining contention is without merit. Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.