■ In the Matter of LINDA MOORE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [933 NYS2d 606]—

The Supreme Court improvidently exercised its discretion in granting the petitioner leave to serve a late notice of claim on the New York City Housing Authority (hereinafter the Housing Authority). Although one of the factors a court must consider in determining an application for leave to serve a late notice of claim is whether the claimant "made an excusable error concerning the identity of the public corporation against which the claim should be asserted" (General Municipal Law § 50-e [5]), here, the petitioner's failure to ascertain that the Housing Authority owned the premises abutting the accident site was due to her failure to exercise due diligence in investigating the matter. Accordingly, the petitioner's failure to serve a timely notice of claim on the proper public corporation was not an excusable error (see Matter of Devivo v Town of Carmel, 68 AD3d 991, 992 [2009]; Matter of Portnov v City of Glen Cove, 50 AD3d 1041, 1043 [2008]; Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon, 41 AD3d 404, 405-406 [2007]; Jenkins v New York City Hous. Auth., 29 AD3d 319, 320 [2006]; see also Lugo v New York City Hous. Auth., 282 AD2d 229 [2001]).

Further, the Housing Authority did not acquire "actual knowledge of the essential facts constituting the claim" within 90 days after the claim arose or a reasonable time thereafter (General Municipal Law § 50-e [5]). Knowledge of the accident cannot be imputed to the Housing Authority by virtue of an ambulance call report generated by the City of New York, which is a separate entity (see Singh v City of New York, 88 AD3d 864 [2011]; Matter of Guminiak v City of Mount Vernon Indus. Dev. Agency, 68 AD3d 1111, 1112 [2009]; Matter of National Grange Mut. Ins. Co. v Town of Eastchester, 48 AD3d 467, 468 [2008]). In any event, the ambulance call report was insufficient to provide actual knowledge of the essential facts underlying the claim because it did not connect the petitioner's injuries to any alleged negligence on the part of the Housing Authority (see

*Matter of Schoen v City of New York*, 86 AD3d 575 [2011]; *Matter of Werner v Nyack Union Free School Dist.*, 76 AD3d 1026, 1027 [2010]; *Matter of Portnov v City of Glen Cove*, 50 AD3d at 1042; *Matter of Carpenter v City of New York*, 30 AD3d 594, 595 [2006]).

Finally, the petitioner failed to establish that the Housing Authority would not be substantially prejudiced in its defense on the merits should leave be granted (*see Singh v City of New York*, 88 AD3d 864 [2011]; *Matter of Werner v Nyack Union Free School Dist.*, 76 AD3d at 1027; *Matter of Portnov v City of Glen Cove*, 50 AD3d at 1043). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.