Matter of Perez v City of New York (2019 NY Slip Op 06774)





Matter of Perez v City of New York


2019 NY Slip Op 06774


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-03952
 (Index No. 85247/17)

[*1]In the Matter of Damaris Perez, respondent,
v
City of New York, et al., appellants.


Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Fay Ng and Lorenzo Di Silvio of counsel), for appellants.
Votto & Albee, PLLC, Staten Island, NY (Christopher J. Albee of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the City of New York and the New York City Parks Department appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated February 21, 2018. The order granted the petition.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
On August 26, 2016, the petitioner allegedly tripped and fell on a defect in an asphalt pathway near the entrance of a restaurant on Staten Island. Approximately one year and three months later, she commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York and the New York City Parks Department (hereinafter together the City). Two undated photographs of the alleged defect were annexed to the petition. The Supreme Court granted the petition, and the City appeals.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant "within ninety days after the claim arises" (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). In determining whether to grant leave to serve a late notice of claim, "the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for failing to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (Matter of Bermudez v City of New York, 167 AD3d 733, 734; see General Municipal Law § 50-e[5]; Matter of D'Agostino v City of New York, 146 AD3d 880, 880).
Contrary to the petitioner's contention, the evidence submitted in support of her petition failed to establish that the City acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Matter of Bermudez v City of New York, 167 AD3d at 734; Ramirez v City of New York, 139 AD3d 695, [*2]695-696). Although the photographs submitted in support of the petition may have demonstrated that the City had prior knowledge of the defect in the asphalt, "actual knowledge of the defect is not tantamount to actual knowledge of the facts constituting the claim, since the City was not aware of the petitioner's accident, her injuries, and the facts underlying her theory of liability" (Matter of Bermudez v City of New York, 167 AD3d at 734).
A lack of due diligence in determining the identity of the owner of the property upon which the subject accident occurred is not a reasonable excuse for the failure to serve a timely notice of claim (see Kelly v City of New York, 153 AD3d 1388, 1389; Matter of Portnov v City of Glen Cove, 50 AD3d 1041, 1043). Here, the petitioner failed to demonstrate that either she or her counsel made any effort to investigate or research what entity owned the subject premises. Accordingly, the petitioner did not demonstrate a reasonable excuse for the failure to timely serve a notice of claim and the delay in moving for leave to serve a late notice of claim (see Matter of Portnov v City of Glen Cove, 50 AD3d at 1043).
In addition, the petitioner failed to satisfy her initial burden of showing that the City would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467-468; Matter of Bermudez v City of New York, 167 AD3d at 735; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 972-973).
Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition.
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court