| **Amica Mut. Ins. Co. v City of New York** |
|:---:|
| 2024 NY Slip Op 33036(U) |
| August 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152232/2024 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. J. MACHELLE SWEETING__    PART      62

*Justice*

-----------------------------------------------------------------------X

AMICA MUTUAL INSURANCE COMPANY

         Petitioner,

         - v -

THE CITY OF NEW YORK,

         Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152232/2024 |
| MOTION DATE | 03/14/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for        __LEAVE TO FILE__ .

Petitioner (hereinafter, the "Insurance Company") seeks an order, pursuant to General Municipal Law ("GML") 50-e, allowing it to file a late Notice of Claim ("NOC").

Prospective Underlying Claim

With respect to the prospective underlying claim, the Insurance Company generally alleges[1] as follows: On February 24, 2023, a vehicle belonging to petitioner's insured, Shirley Johnson-Lans (the "Car Owner"), was parked on East 72nd Steet, east of 5th Avenue, in New York, New York. At approximately 8:40 AM, a truck from the New York City Department of Sanitation ("Sanitation Dept."), bearing New York registration BF6005, struck the insured vehicle. This caused $11,731.94 in damages, which the Insurance Company properly remitted. Now, based

---

[1] In its opposition papers, the City does not concede the accuracy of any of the factual assertions made by petitioner Insurance Company.

**152232/2024   AMICA MUTUAL INSURANCE COMPANY vs. THE CITY OF NEW YORK**      **Page 1 of 6**
   Motion No. 001

1 of 6

[* 1]

on the subrogation provisions contained within in the subject insurance policy, the Insurance Company seeks reimbursement of this amount from the City.

Arguments made by the Parties

The general timeline, which is not in dispute, is as follows:

On March 16, 2023, a few weeks following the subject accident, the Insurance Company sent a letter to the Sanitation Department (NYSCEF Doc. No. 9) that provided the insured's name, date of loss, identification of the Sanitation Department's vehicle and loss location, and advised of the Insurance Company's intent to subrogate the claim.

Four days later, on March 20, 2023, the Car Owner filed a notice of claim, (the "First NOC"), with the Sanitation Department (NYSCEF Doc. No. 7).

Two days later, on March 22, 2023, the Sanitation Department sent a letter (NYSCEF Doc. No. 17) to the Insurance Company that stated, in relevant part:

> I write in response to your recent letter to the New York City Department of Sanitation complaining of personal injury that you allege was caused by the Department of Sanitation. ***Below, please find information about filing a claim against the City of New York in order to recoup your personal injury.***
>
> ***The City of New York is a self-insured entity. In order to file a claim against New York City, Section 50-E of the General Municipal Law requires that a notice of claim for damages be filed in duplicate with the Comptroller of the City of New York, One Centre Street, Municipal Building, Room 1225, New York, NY 10007 within ninety (90) days after the claim arises. No City agency is authorized to accept service of these claims, as the Comptroller is solely authorized to settle these claims on behalf of all City agencies.***
>
> ***[…] The Notice of Claim form and the Personal Injury Claim Form must be executed and submitted to the Comptroller's Office.***
>
> [emphasis added]

**152232/2024   AMICA MUTUAL INSURANCE COMPANY vs. THE CITY OF NEW YORK**          **Page 2 of 6**
**Motion No.  001**

2 of 6

[* 2]

Almost a year later, on February 28, 2024, the Insurance Company filed a notice of claim (NYSCEF Doc. No. 18) (the "Second NOC"). This Second NOC was served on the Comptroller of the City of New York at One Centre Street, Municipal Building. Moreover, contrary to the directions given in the March 22, 2023 letter, to serve at Room 530, the Second NOC was served instead at Room 1225.

Two weeks later, on March 12, 2024, the Insurance Company filed the instant petition seeking permission to have the Second NOC deemed timely served.

Arguments

It is undisputed that GML 50-e mandates that a notice of claim be filed within ninety days of the date on which the claim arose, and such timely filing is a condition precedent to bringing a suit against a municipality. It is also undisputed that here, the ninety-day period expired on March 25, 2023.

The Insurance Company acknowledges that the Second NOC was filed late, but argues that the First NOC was filed in a timely manner and that the First NOC gave the City adequate notice as to the essential facts constituting the claim. The Insurance Company also argues that because the City was informed of said facts within ninety days after the claim arose, there is no prejudice to the City.

In opposition, the City argues that the First NOC was improperly served upon the Sanitation Department and not upon the Comptroller's Office, rendering the First NOC a legal nullity that did not impute knowledge of the facts constituting the claim on the City. The City also argues that the Second NOC was untimely served many months after the deadline set forth in GML 50-e. Further, the City argues, the Sanitation Department sent a letter to the Insurance Company

**152232/2024   AMICA MUTUAL INSURANCE COMPANY vs. THE CITY OF NEW YORK**          **Page 3 of 6**
  **Motion No.  001**

3 of 6

[* 3]

telling the Insurance Company exactly how and where to properly file the notice of claim, but the Insurance Company neglected to act on this information until over a year after the incident occurred, and even then still served the Second NOC on the incorrect address. The City argues that petitioner "is a sophisticated entity represented by counsel and knows or should know how to properly serve the City."

The City also argues that Insurance Company provided no explanation whatsoever as to why such a delay occurred. Finally, the City argues, the Insurance Company's delay hindered the City's ability to gather the essential facts of the incident, identify witnesses, and obtain records and other evidence, and as such, the City will be prejudiced if the Insurance Company is permitted to file a notice of claim over a year after the subject incident.

The Insurance Company filed a reply, but did not address, in any of its filings, the City's argument that the First NOC was served upon the wrong entity.

Conclusions of Law

The "General Municipal Law § 50–e(5) confers upon the court 'the discretion to determine whether to grant or deny leave to serve a late notice of claim within certain parameters.' The statute provides, in pertinent part, that in determining whether to grant an extension of time to serve a notice of claim, a court shall consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within the 90–day period specified in § 50–e(1) 'or within a reasonable time thereafter' (§ 50–e[5] ). Further, under the statute, the court must take into account all other relevant facts and circumstances, including, among other things, whether the petitioner offered a reasonable excuse for the late notice and whether the delay substantially prejudiced the respondent's defense on the merits. The presence or absence of any

**152232/2024   AMICA MUTUAL INSURANCE COMPANY vs. THE CITY OF NEW YORK**          **Page 4 of 6**
   **Motion No.  001**

[* 4]

4 of 6

one factor, however, is not determinative. Moreover, while the court has discretion in determining motions to file late notices of claim, the statute is remedial in nature, and therefore should be liberally construed [internal citations omitted]" (Thomas v City of New York, 118 AD3d 537 [1st Dept 2014]).

Here, it is undisputed that the First NOC, although served timely, was improperly served upon the Sanitation Department as opposed to the Comptroller. The Appellate Division, First Department, has held that serving the wrong entity does not provide sufficient notice under the GML. *See, e,g,* Richardson v New York City Hous. Auth., 136 AD3d 484 (1st Dept 2016) ("the error of petitioner's counsel concerning the identity of the responsible public corporation does not provide a reasonable excuse for the delay in giving notice"); Lugo v New York City Hous. Auth., 282 AD2d 229 (1st Dept 2001) ("The failure of petitioner to communicate to her attorney the proper party to sue, however, does not […] excuse petitioner's failure to serve a timely notice of claim"); Seif v City of New York, 218 AD2d 595 (1st Dept 1995) ("The fact that the City of New York was properly and timely served is of no moment as the owner of the building, as we have already pointed out, could easily have been ascertained. *In any event, no evidence is presented that the Housing Authority is an alter ego of the City of New York and notice to the City may not be imputed to the Authority*") [for all cases, internal quotes removed and emphasis added].

It is also undisputed that the Insurance Company was sent a letter unequivocally stating that, "No City agency is authorized to accept service of these claims," and "In order to file a claim against New York City, Section 50-E of the General Municipal Law requires that a notice of claim for damages be filed in duplicate with the Comptroller of the City of New York […] The Notice of Claim form and the Personal Injury Claim Form must be executed and submitted to the Comptroller's Office." This letter was sent on March 22, 2023, before the 90-day window expired

**152232/2024 AMICA MUTUAL INSURANCE COMPANY vs. THE CITY OF NEW YORK**      **Page 5 of 6**
**Motion No. 001**

5 of 6

on March 25, 2023. Yet, the Insurance Company took no action and instead waited until over a year after the accident to file the Second NOC and the instant petition. Finally, as the City properly argued, the Insurance Company failed entirely to proffer any reason for the delay.

For the reasons cited above, even liberally construing the GML, the court finds no reason on this record to believe that the City acquired actual knowledge of the essential facts constituting the claim within the 90–day period. Importantly, this court notes that the record is devoid of any indication that a reasonable excuse existed for the late filing.

Conclusion

Accordingly, it is hereby:

**ORDERED** that this motion is DENIED with prejudice; and it is further

**ORDERED** that there being no other applications, this proceeding is closed.

| 8/28/2024 | | | | | |
|-----------|--|--|--|--|--|
| **DATE** | | | | **J. MACHELLE SWEETING, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152232/2024   AMICA MUTUAL INSURANCE COMPANY vs. THE CITY OF NEW YORK**   **Page 6 of 6**
   **Motion No.  001**

6 of 6