Matter of Kayam v City of New York (2025 NY Slip Op 02037)

Matter of Kayam v City of New York

2025 NY Slip Op 02037

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Moulton, J.P., González, Scarpulla, Higgitt, Michael, JJ. 

Index No. 152610/24|Appeal No. 4080|Case No. 2024-03543|

[*1]In the Matter of Jennifer Kayam, Petitioner-Respondent,
v
The City of New York, et al., Respondents-Appellants.

Cerussi & Spring, P.C., White Plains (Jennifer R. Freeman of counsel), for appellants.
Herman & Herman, P.C., New York (Glenn Herman of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about May 10, 2024, which granted the petition for leave to file a late notice of claim and deemed it timely filed and served nunc pro tunc, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the petition denied.
In this personal injury action, Supreme Court improvidently exercised its discretion in granting the petition and deeming the late notice of claim timely filed. Petitioner failed to show that respondents had actual knowledge of the facts underlying the legal theories on which liability was predicated in the notice of claim (see Matter of Jaime v City of New York 41 NY3d 531, 540, 541[2024]; Mehra v City of New York, 112 AD3d 417, 418 [1st Dept 2013]; Pineda v City of New York, 305 AD2d 294, 294 [1st Dept 2003]). Contrary to her contention, neither the police report, the NYPD complaint, nor the Department of Education occurrence report provided respondents with the facts underlying her theory of liability, as none of these documents linked the accident to any potentially actionable wrongdoing committed by them.
Although petitioner demonstrated that respondents would not suffer any prejudice by the delay in serving the notice of claim, as the alleged defect has not changed since the incident (see Matter of Richardson v New York City Hous. Auth., 136 AD3d 484, 485 [1st Dept 2016], lv denied 28 NY3d 905 [2016]), her assertion that the severity of her injuries precluded her from serving notice, without any supporting medical documentation or evidence, was insufficient to constitute a reasonable excuse for her delay (see General Municipal Law § 50-e[5]; Matter of Jaime, 41 NY3d at 539-541).
Petitioner's submission to the motion court failed to include any medical records detailing her surgery and follow-up visits, and her petition stated that she was able to leave the apartment for her medical treatments and ultimately work remotely. Furthermore, it is not clear from the petition when she retained counsel, and a lack of due diligence in determining the identity of the parties involved is not a reasonable excuse for the failure to serve a timely notice of claim (see Lugo v New York City Hous. Auth., 282 AD2d 229 [1st Dept 2001]).
Accordingly, under the circumstances presented, the petition was improperly granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025