■ In the Matter of CATALINA VARGAS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [648 NYS2d 546] —Order, Supreme Court, New York County (Jane S. Solomon, J.), entered April 28, 1995, which granted claimant's motion to file a late notice of claim, nunc pro tunc, and which denied respondent's cross-motion to dismiss the complaint, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion is denied, and the cross-motion to dismiss is granted. The Clerk is directed to enter judgment dismissing the complaint against the respondent herein.

Claimant's unsubstantiated allegations of physical and psychological trauma resulting from a robbery and sexual assault which allegedly occurred in her apartment did not provide a reasonable excuse for her four-month delay in serving a notice of claim (*see,* General Municipal Law § 50-e [1] [a]; *see, Giordano v New York City Hous. Auth.*, 128 AD2d 671). Although the Housing Authority presumably has security records for the building, and the police were allegedly called to the scene on the day of the attack, there is no evidence as to the scope of the investigation conducted, nor any written report indicating that the Housing Authority had actual knowledge of the underlying facts which formed the basis of the instant lawsuit, such as to eliminate the inference that prejudice would accompany the passage of time (*cf., Chattergoon v New York City Hous. Auth.*, 197 AD2d 397, 398). Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.