Petitioners failed to explain their delay in filing the notice of claim (see General Municipal Law § 50-e [1] [a]; [5]; Matter of Casale v City of New York, 95 AD3d 744 [1st Dept 2012]; Matter of Grant v Nassau County Indus. Dev. Agency, 60 AD3d 946 [2d Dept 2009]). While they claim that the injured petitioner’s incapacity prevented him from obtaining counsel from the date of the incident, June 24, 2011, until his surgery in September 2011, they do not explain the approximately two-month delay in filing the notice of claim after they obtained counsel in October 2011, or the delay until February 2012 in seeking leave to file an untimely notice.
Petitioners also failed to show that respondents acquired actual knowledge of the essential facts constituting their claim (General Municipal Law § 50-e [5]). While, as petitioners contend, respondents’ “internal reports and records contain[ed] the exact details of the incident,” there are no factual allegations in the contemporaneous written statements of the injured petitioner’s coworkers or, indeed, in petitioner’s own written statement that would constitute a claim of negligence on respondents’ part (see Matter of Casale, 95 AD3d at 745). Thus, contrary to petitioners’ contention, respondents’ records do not rebut the inference of prejudice that arises from petitioners’ eight-month delay in serving the notice of claim (see id.).
We note, moreover, that petitioners’ cause of action is without merit (see Caldwell v 302 Convent Ave. Hous. Dev. Fund Corp., 272 AD2d 112 [1st Dept 2000]). Petitioners failed to allege facts that would establish that respondents had a special duty to the injured petitioner to protect him from an assault (see Bonner v City of New York, 73 NY2d 930 [1989]; Pascucci v Board of *567 Educ. of City of N.Y., 305 AD2d 103 [1st Dept 2003]). Concur— Gonzalez, P.J., Friedman, Renwick, Freedman and Richter, JJ.