■ In the Matter of WARDELL RICHARDSON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [24 NYS3d 308]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 4, 2014, which denied petitioner's application for an order permitting him to file a late notice of claim on respondent New York City Housing Authority (NYCHA) and deeming the annexed notice of claim timely served nunc pro tunc, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the application granted.

After petitioner's counsel realized that respondent NYCHA, not the City of New York, owned the property abutting the badly broken sidewalk where petitioner's accident occurred, petitioner sought an extension of time to file a notice of claim under General Municipal Law § 50-e (5). That statute confers upon the court "the discretion to determine whether to grant or deny leave to serve a late notice of claim within certain parameters" (*Matter of Porcaro v City of New York*, 20 AD3d

357, 358 [1st Dept 2005]). The factors to be considered by the court include: whether the failure to identify the proper party was an "excusable error," whether the public corporation received "actual knowledge of the essential facts constituting the claim" within 90 days of the accident or "a reasonable time thereafter," and whether the delay "substantially prejudiced" the public corporation's ability to defend the claim on the merits (General Municipal Law § 50-e [5]). The notice of claim requirement "is not intended to operate as a device to frustrate the rights of individuals with legitimate claims," but to protect the public corporation from "unfounded claims" and ensure that it has an adequate opportunity "to explore the merits of the claim while information is still readily available" (*Matter of Porcaro* at 357-358).

While the error of petitioner's counsel concerning the identity of the responsible public corporation does not provide a reasonable excuse for the delay in giving notice (*see Lugo v New York City Hous. Auth.*, 282 AD2d 229 [1st Dept 2001]; *Seif v City of New York*, 218 AD2d 595 [1st Dept 1995]), "the absence of a reasonable excuse is not, standing alone, fatal to the application" (*Porcaro* at 358; *see Pendley v City of New York*, 119 AD3d 410 [1st Dept 2014]; *Fredrickson v New York City Hous. Auth.*, 87 AD3d 425 [1st Dept 2011]). Although NYCHA did not receive actual notice of the accident until the petition was served, it did not contest petitioner's assertion that the condition of the badly broken sidewalk remains unchanged since the time of the accident and that there were no witnesses to the accident, so that NYCHA will not be substantially prejudiced by the eight-month delay in providing notice (*see Pendley* at 410; *Fredrickson* at 425; General Municipal Law § 50-e [5]). NYCHA's conclusory claim that the "passage of time may affect the availability or memories of potential witnesses is insufficient to establish prejudice" (*Matter of Rivera v City of New York*, 127 AD3d 445, 446 [1st Dept 2015]). In light of the policies underlying General Municipal Law § 50-e (5), which is to be liberally construed to achieve its remedial purposes (*Matter of Thomas v City of New York*, 118 AD3d 537, 538 [1st Dept 2014]), we exercise our discretion to grant the petition. Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.