■ EBONI B., Individually and as Parent and Natural Guardian of SKYLAH N., Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [49 NYS3d 126]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 25, 2016, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion for leave to file a late notice of claim, unanimously modified, on

the law and in the exercise of discretion, to deny defendant's motion insofar as it sought dismissal of the claim brought on the infant plaintiff's behalf, and grant plaintiff's cross motion, to the extent that the notice of claim is deemed served on behalf of the infant plaintiff, and otherwise affirmed, without costs.

Although plaintiff did not present a reasonable excuse for the delay in serving a notice of claim (*see e.g. Colarossi v City of New York*, 118 AD3d 612, 612 [1st Dept 2014]), and although defendant did not have actual knowledge of the facts constituting the claim within the statutory period or a reasonable time thereafter, leave to serve a late notice of claim on behalf of the infant plaintiff is warranted based on other relevant factors (*see* General Municipal Law § 50-e [5]).

The infant plaintiff was approximately nine months old at the time that he allegedly sustained injuries as a result of an exposed hot water pipe in his family's apartment, in a building owned and operated by defendant. This infancy weighs in favor of granting leave to serve a late notice of claim, regardless of the lack of a nexus between the delay and infancy (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538 [2006]). In addition, defendant failed to address plaintiff's showing that defendant would not be substantially prejudiced by the 10-month delay in seeking leave since the condition of the exposed pipes remained unchanged from the time of the accident (*Matter of Richardson v New York City Hous. Auth.*, 136 AD3d 484, 485 [1st Dept 2016], *lv denied* 28 NY3d 905 [2016]). Given these factors, which the motion court failed to address, and given the remedial nature of the statute, the motion court improvidently exercised its discretion in dismissing the infant plaintiff's claim (*see Matter of Thomas v City of New York*, 118 AD3d 537, 537-538 [1st Dept 2014]).

To the extent that the complaint states a derivative claim on behalf of the infant plaintiff's mother, she is not entitled to leave to serve a late notice of claim on her behalf (*see Matter of Bensen v Town of Islip*, 99 AD2d 755, 756 [2d Dept 1984], *appeal dismissed* 62 NY2d 798 [1984]).

Plaintiff's noncompliance with the pleading requirements of Public Housing Law § 157 (1) is a nonjurisdictional defect that may be remedied by amendment (*see* CPLR 3025 [b]; *Snyder v Board of Educ. of Ramapo Cent. School Dist. No. 2, Town of Ramapo, Rockland County*, 42 AD2d 912 [2d Dept 1973]). Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.