Matter of Ramos v New York City Hous. Auth. (2018 NY Slip Op 04547)





Matter of Ramos v New York City Hous. Auth.


2018 NY Slip Op 04547


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-02912
 (Index No. 4659/16)

[*1]In the Matter of Norma Ramos, appellant, 
v
New York City Housing Authority, etc., respondent- respondent, et al., respondent.


Stuart R. Goldstein, Ridgewood, NY, for appellant.
Herzfeld & Rubin, P.C., New York, NY (Sharyn Rootenberg, Miriam Skolnik, and Linda Brown of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding, in effect, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the New York City Housing Authority, the petitioner appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated November 4, 2016. The order denied the application.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the application for leave to serve a late notice of claim upon the New York City Housing Authority is granted.
By notice of motion, the petitioner requested leave to serve a late notice of claim upon the New York City Housing Authority (hereinafter NYCHA) pursuant to General Municipal Law § 50-e(5). According to the petitioner, the claim arose on March 24, 2016, at approximately 8:00 p.m., on the sidewalk abutting 220 Linden Street in Brooklyn. Specifically, the petitioner allegedly fell on a broken, raised, and uneven portion of the sidewalk at that location. The petitioner's counsel, initially believing that the abutting property was owned by the City of New York, served a timely notice of claim upon the City. Approximately two weeks after the expiration of the 90-day notice period (see General Municipal Law § 50-e[1][a]), upon learning that the property may be owned by NYCHA, the petitioner filed a notice of motion requesting leave to serve a late notice of claim upon NYCHA. Based, inter alia, on the affidavit of an individual familiar with the location, who averred that the alleged dangerous condition was unchanged from the time of the accident, the petitioner contended that NYCHA acquired actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the statutory notice period, and that NYCHA was not substantially prejudiced as a result of the delay. The Supreme Court denied the application, and the petitioner appeals.
Although this application was improperly brought as a motion, the application will be treated as a special proceeding for leave to serve a late notice of claim upon NYCHA (see Matter of Lewin v County of Suffolk, 239 AD2d 345, 346; Matter of Sullivan v Lindenhurst Union Free School Dist. No. 4, 178 AD2d 603, 604).
In determining whether a petitioner should be granted leave to serve a late notice of claim upon a public housing authority, the court should consider, as key factors, whether the petitioner had a reasonable excuse for the delay in serving a notice of claim, whether the public housing authority acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or within a reasonable time thereafter, whether the petitioner made an excusable error concerning the identity of the public corporation against which the claim should be asserted, and whether the public housing authority will be substantially prejudiced by the delay in its defense on the merits (see General Municipal Law § 50-e[5]; Public Housing Law § 157[2]). Since the statutory notice requirement "is not intended to operate as a device to frustrate the rights of individuals with legitimate claims," and because of its remedial nature, it "should be liberally construed" (Matter of Porcaro v City of New York, 20 AD3d 357, 358; see Robb v New York City Hous. Auth., 71 AD2d 1000, 1001).
Here, while the petitioner's counsel's error concerning the identity of the responsible public corporation does not provide a reasonable excuse for the delay in giving notice (see Kelly v City of New York, 153 AD3d 1388, 1389; Matter of Richardson v New York City Hous. Auth., 136 AD3d 484, 485), the absence of a reasonable excuse is not, standing alone, fatal to the petitioner's application (see Matter of Richardson v New York City Hous. Auth., 136 AD3d at 485; Jordan v City of New York, 41 AD3d 658, 659). Notably, considering that the petitioner's application was made approximately two weeks after the expiration of the 90-day period, NYCHA acquired actual knowledge of the essential facts constituting the claim within a "reasonable time" after the expiration of the 90-day period (General Municipal Law § 50-e[5]; see Matter of Regan v City of New York, 131 AD3d 1064, 1066).
Moreover, the petitioner met her initial burden of showing that the late notice will not substantially prejudice NYCHA, thereby requiring NYCHA "to rebut that showing with particularized evidence" (Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455, 467; see Matter of Richardson v New York City Hous. Auth., 136 AD3d at 485). NYCHA's conclusory assertion of substantial prejudice was insufficient to rebut the petitioner's showing.
Therefore, the Supreme Court improvidently exercised its discretion in denying the petitioner's application.
We have not considered the evidence that was improperly submitted to the Supreme Court by the petitioner for the first time with her reply papers (see Master v Boiakhtchion, 122 AD3d 589, 590-591).
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court