Conn v Tutor Perini Corp. (2019 NY Slip Op 05643)





Conn v Tutor Perini Corp.


2019 NY Slip Op 05643


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-09936
 (Index No. 11240/15)

[*1]Marilyn Conn, etc., respondent, 
v
Tutor Perini Corporation, defendant, Port Authority of New York and New Jersey, et al., appellants.


Furman Kornfeld & Brennan LLP, New York, NY (A. Michael Furman, Peter C. Lucas, and Nir M. Gadon of counsel), for appellants.
Fortunato & Fortunato, PLLC, Brooklyn, NY (Annamarie Fortunato and Louis A. Badolato of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants City of New York and Port Authority of New York and New Jersey appeal from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered August 2, 2017. The order, insofar as appealed from, granted that branch of the motion of Marilyn Conn, as administrator of the estate of Jason Conn and individually, which was, in effect, for leave to amend the complaint to assert a derivative cause of action to recover damages for loss of services on behalf of Marilyn Conn, individually, against the defendants City of New York and Port Authority of New York and New Jersey.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of Marilyn Conn, as administrator of the estate of Jason Conn and individually, which was, in effect, for leave to amend the complaint to assert a derivative cause of action to recover damages for loss of services on behalf of Marilyn Conn, individually, against the defendants City of New York and Port Authority of New York and New Jersey is denied.
On December 4, 2014, Jason Conn (hereinafter the decedent) allegedly was injured while working on the excavation of a trench at John F. Kennedy International Airport. On or about February 5, 2015, the decedent served a notice of claim upon the defendant City of New York, as the owner of the property where the accident occurred, and a separate notice of claim upon the defendant Port Authority of New York and New Jersey (hereinafter the Port Authority), as the owner and/or lessee of the subject property, alleging that he was injured as a result of their common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The decedent specified in the notices of claim that he was seeking to recover damages for his "personal injuries, loss of earnings, pain and suffering and medical expenses."
In September 2015, the decedent commenced this action against the City, the Port Authority, and another defendant, alleging common-law negligence and violations of the Labor Law. The decedent died on August 7, 2016. Subsequently, the decedent's mother, Marilyn Conn (hereinafter Marilyn), as administrator of the decedent's estate and individually, moved for leave to substitute herself as the plaintiff in place of the decedent. She also moved for leave to amend the [*2]complaint to add a cause of action to recover damages for wrongful death on behalf of the decedent's estate and, in effect, a derivative cause of action to recover damages for loss of services on her own behalf, in her individual capacity. The Supreme Court granted Marilyn's motion. The City and the Port Authority appeal from so much of the order as granted that branch of Marilyn's motion which was, in effect, for leave to amend the complaint to assert a derivative cause of action to recover damages for loss of services on her own behalf against them.
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392; see General Municipal Law § 50-e). The General Municipal Law requires that the notice of claim set forth, among other things, "the nature of the claim" (General Municipal Law § 50-e[2]; see Brown v City of New York, 95 NY2d at 393). "The requirements of the statute are met when the notice describes the [incident] with sufficient particularity so as to enable the defendant to conduct a proper investigation thereof and to assess the merits of the claim" (Palmer v Society for Seamen's Children, 88 AD3d 970, 971; see Vargas v City of New York, 105 AD3d 834, 836).
Similarly, a notice of claim is required to be served upon the Port Authority 60 days prior to commencing an action against it (see McKinney's Uncons Laws of NY § 7107; Ofulue v Port Auth. of N.Y. & N.J., 307 AD2d 258, 259; see generally Bovich v East Meadow Pub. Lib., 16 AD3d 11, 16). A notice of claim served upon the Port Authority is required to be in writing, sworn to by or on behalf of the claimant or claimants, and shall set forth, inter alia, the nature of the claim, and the resulting damages or injuries (see McKinney's Uncons Laws of NY § 7108; Matter of New York City Asbestos Litig., 24 NY3d 275, 279).
Here, the notices of claim filed against the City and the Port Authority were limited to allegations that, as a result of the accident, the decedent was caused to sustain damages related to his "personal injuries, loss of earnings, pain and suffering and medical expenses." Marilyn was not identified as a claimant in the caption of the notices of claim, she was not mentioned in the text of the notices of claim, and there were no allegations that she, individually, sustained any damages for which compensation was sought from the City or the Port Authority (see Gonzalez v Povoski, 149 AD3d 1472, 1474; Eboni B. v New York City Hous. Auth., 148 AD3d 486, 487; see also e.g. Matter of Johnson v County of Suffolk, 167 AD3d 742, 744; Palacios v Town of N. Hempstead, 165 AD3d 967, 969).
Accordingly, the Supreme Court should have denied that branch of Marilyn's motion which was, in effect, for leave to amend the complaint to assert a derivative cause of action to recover damages for loss of services on her own behalf, in her individual capacity, against the City and the Port Authority. Since the City and the Port Authority were not given timely notice of Marilyn's derivative claim, the court should not have allowed it to be asserted against them.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court