| |
|---|
| **Billingsly v City Univ. of N.Y.** |
| 2025 NY Slip Op 30377(U) |
| January 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150173/2025 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**

*Justice*

-----------------------------------------------------------------------------X

MONICA BILLINGSLY,

Petitioner,

- v -

CITY UNIVERSITY OF NEW YORK, THE CITY OF NEW YORK, BOARD OF TRUSTEES OF THE CITY UNIVERSITY OF NEW YORK, BOROUGH OF MANHATTAN COMMUNITY COLLEGE, DORMITORY AUTHORITY OF THE STATE OF NEW YORK

Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 05M |
| INDEX NO. | 150173/2025 |
| MOTION DATE | 01/06/2025 |
| MOTION SEQ. NO. | 001 |

**AMENDED
DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 12, 15, 16, 17, 18 were read on this motion to/for      MISC. SPECIAL PROCEEDINGS      .

In this special proceeding, Petitioner Monica Billingsly ("Petitioner") moves by order to show cause for leave to serve late notices of claim, or to deem those notices previously served timely, *nunc pro tunc*. The court previously issued a decision on January 22, 2025, without the benefit of Respondent Dormitory Authority of the State of New York's ("DASNY") opposition. Having now duly considered DASNY's opposition and the arguments presented at oral argument, the court vacates its prior decision, order, and judgment. Accordingly, for the reasons set forth herein, the petition is granted as to the City University of New York ("CUNY"), the City of New York, the Board of Trustees of the City University of New York, and the Borough of Manhattan Community College ("BMCC") (collectively, "the City Respondents"), and denied as to DASNY.

## BACKGROUND AND ARGUMENTS

On March 22, 2024, Petitioner sustained personal injuries after she tripped and fell while descending the stairs inside of the Fiterman Hall Building at BMCC located at 245 Greenwich Street, New York, New York (NYSCEF Doc No. 6, Billingsly affidavit ¶ 2). Petitioner was taken by ambulance to New York Presbyterian Lower Manhattan Hospital where she was admitted and remained until her discharge on April 9, 2024 (*id*. ¶ 15). On May 16, 2024, Petitioner contacted the Law Office of Cohen & Jaffe about her accident (*id*. ¶ 17). When initially communicating with the law firm, Petitioner stated that her accident occurred on April 22, 2024, and the firm calendared their deadlines accordingly (*id*. ¶ 18; NYSCEF Doc No. 1, petition ¶ 13). However, upon subsequent discussions, Petitioner realized that her accident occurred on March 22, 2024, rather than April 22, 2024 (NYSCEF Doc No. 6, Billingsly Affidavit ¶ 19). The firm's calendar and service deadlines were not properly updated to reflect the March 22, 2024 date (NYSCEF Doc No. 1, petition ¶ 13). On June 27, 2024, Petitioner's attorney discovered the calendaring error and

immediately served notices of claim on the City Respondents (*id*. ¶ 19). The following day, Petitioner served a notice of claim on DASNY (*id*.). Petitioner now moves for leave to serve late notices of claim, or to deem those notices already served, timely, *nunc pro tunc*. Only DASNY opposes the motion.

Petitioner argues that the City Respondents and DASNY acquired the essential facts underlying her claims within a reasonable time after the statutory period when she served her notices on the City Respondents and DASNY within eight days of the statutory period's expiration. Further, Petitioner argues that the City Respondents and DASNY will not be prejudiced by the short delay because a BMCC public safety officer responded to the scene shortly after Petitioner fell, documented evidence, and generated an investigation report.

In opposition, DASNY argues that leave to file a notice against it, or to deem the notice previously served timely, should be denied because DASNY is not a proper respondent. DASNY contends that it does not own, operate, maintain, control, or have any legal or other interest in the property located at 245 Greenwich Street, and as such did not owe Petitioner a duty of care. DASNY further argues that assuming there was a duty of care, actual knowledge of the underlying facts cannot be imputed onto DASNY because BMCC's investigation into the accident would not have alerted DASNY, and DASNY does not otherwise have a relationship with BMCC or CUNY. Additionally, DASNY argues that the incident report describes a medical condition rather than a defective condition. DASNY further contends that allowing Petitioner to serve a late notice against it would result in substantial prejudice, as DASNY has been improperly named as a party to this proceeding. Permitting the late notice, DASNY asserts, would compel it to incur unnecessary costs in defending claims that have been improperly asserted against it. Finally, DASNY contends that Petitioner's explanation for the delay is insufficient, as she improperly identified DASNY despite the passage of time, even though DASNY has no legal or other interest in the subject property. In support of its argument, DASNY submits a deed dated January 2, 1994 (NYSCEF Doc No. 17).

## DISCUSSION

Pursuant to General Municipal Law § 50-i, no action sounding in tort may be commenced against a municipality unless a notice of claim was served upon it within ninety (90) days after the subject claim arose (General Municipal Law §§ 50-i [a], 50[e]). "The purpose of the notice of claim is to alert the municipality to the existence of the claim so that it can promptly investigate and preserve any relevant evidence before the passage of time renders such evidence unavailable or lessens its probative value" (*Jaime v City of New York*, 41 NY3d 531, 539 [2024]). As such, the notice of claim must state "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e[2]). The notice of claim "was not meant to be used as a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones" (*Goodwin v New York City Hous. Auth.*, 42 AD3d 63, 66 [1st Dept 2007]. Because of its remedial nature, the statute must be liberally construed (*see Camacho v City of New York*, 187 AD2d 262 [1st Dept 1992]) and "should not operate as a device to frustrate the rights of individuals with legitimate claims" (*Matter of Porcaro v City of New York*, 20 AD3d 357 [1st Dept 2005]).

The court, in its discretion, may extend the time to serve a late notice (General Municipal Law § 50-e[5]). "In determining whether to grant or deny leave to serve a late notice of claim, the

[* 2]

court must consider 'in particular' whether the municipality acquired actual knowledge of the essential facts constituting the claim within [ninety days of the claim's accrual] or within a reasonable time thereafter" (*Jaime*, 41 NY3d at 540, *surpra*). "Courts are to place 'great weight' on this factor [and] the party seeking leave has the burden of establishing [actual knowledge] through the submission of nonspeculative evidence" (*id*.). "Generally, knowledge of essential facts as to time and place by an actor in a position to investigate will suffice" (*id*.). Other factors to be considered include the reasonableness of the excuse offered for the delay in filing and whether the municipality would be substantially prejudiced because the claimant did not file during the statutory period (*Corwin v City of New York*, 141 AD3d 484, 489 [1st Dept 2016]).

"Ordinarily, the courts will not delve into the merits of an action on an application for leave to serve and file a late notice of claim" (*Kmiotek v Sachem Cent. Sch. Dist.*, 176 AD3d 1063, 1065, [2d Dept 2019]). However, where a claim is "patently meritless," leave is properly denied (*Catherine G. v Cnty. of Essex*, 3 NY3d 175, 179 [2004] [leave to file a late notice of claim "is not appropriate for a patently meritless claim"]; *Singh v City of New York*, 165 AD3d 593, 594 [1st Dept 2018]). A proposed negligence claim may be patently meritless where a respondent establishes that it "did not create or have responsibility for the allegedly hazardous condition" that caused the injury (*Hess v W. Seneca Cent. Sch. Dist*., 15 NY3d 813, 814 [2010]).

In this instance, Petitioner demonstrated that the City Respondents acquired the essential facts underlying Petitioner's claims within a reasonable time after the statutory period expired and will not be prejudiced by the late filing. Petitioner served her notice seven days after the statutory period closed and immediately upon learning of the law firm's calendaring error. Notably, delays of eight and ten months have been deemed reasonable (*Eboni B. v New York City Hous. Auth.*, 148 AD3d 486, 487 [1st Dept 2017]; *Richardson v New York City Hous. Auth*., 136 AD3d 484, 485 [1st Dept 2016]). It follows then that a delay of merely one week, as in this case, is permissible. Moreover, Petitioner has established that the City Respondents have suffered no prejudice as a result of this brief delay. A BMCC public safety officer promptly responded to the scene following Petitioner's fall, remained with her until she was transported to the hospital, and thoroughly documented the incident. The officer's actions—including interviewing a witness, taking photographs, bookmarking video footage, and preparing an incident report—ensured the preservation of critical evidence. Thus, the City Respondents were afforded a full and fair opportunity to investigate Petitioner's claims (*see Jaime*, 41 NY3d at 539, *supra*). Notably, the City Respondents do not oppose the motion and have made no showing of prejudice. Accordingly, Petitioner's application is granted as to the City Respondents.

With respect to DASNY, although the delay in service was minimal and no prejudice has been shown, DASNY has sufficiently established that it holds no interest in, nor any relationship to, the subject property. Accordingly, Petitioner's negligence claim against DASNY is patently without merit.[1] DASNY is a public benefit corporation "entirely separate" from CUNY and BMCC that "finances and builds infrastructure" (NYSCEF Doc No. 16, memorandum of law at 6). At the time of the incident, CUNY held title for the subject property and BMCC is a college in the CUNY system (*id*.; NYSCEF Doc No. 17). Pursuant to Education Law § 6203, CUNY "shall have the

---

[1] The court acknowledges DASNY's contention that defending against a lawsuit would result in substantial prejudice; however, this argument is unpersuasive. At this stage, it remains uncertain whether Petitioner will commence an action or name DASNY as a defendant.

**150173/2025   BILLINGSLY, MONICA vs. CITY UNIVERSITY OF NEW YORK ET AL**          **Page 3 of 4**
**Motion No.  001**

3 of 4

care, custody, control, and management of the lands, grounds, buildings, facilities and equipment used for purposes of educational units of the city university and it shall have the power to protect, preserve, and improve the same" (*id.*; see Education Law § 6203). As such, DASNY has demonstrated that it does not own, maintain, or control the subject premises, and Petitioner's negligence claim is patently meritless as against it (*Hess*, 15 NY3d at 814, *supra*; *see also Bento v Dormitory Auth.*, 188 AD3d 516, 516 [1st Dept 2020] [wherein the Appellate Division, First Department, unanimously reversed the lower court's decision granting a petitioner's motion to serve a late notice of claim against DASNY as an improvident exercise of discretion because "it is well settled that as an out-of-possession title owner, respondent [DASNY] does not bear liability for personal injuries suffered at CUNY buildings"]).[2] Therefore, Petitioner's motion as against DASNY is denied.

Accordingly, it is hereby

ORDERED and ADJUDGED that the decision and order dated January 22, 2025 (NYSCEF Doc No. 19) is hereby vacated; and it is further

ORDERED and ADJUDGED that Petitioner's motion for leave to serve a notice of claim on Respondent the Dormitory Authority of the State of New York is denied; and it is further

ORDERED and ADJUDGED that Petitioner's motion for leave to serve a notice of claim on Respondents the City University of New York, the City of New York, the Board of Trustees of the City University of New York, and the Borough of Manhattan Community College is granted; and it is further

ORDERED and ADJUDGED that the notice of claim in the form annexed to the moving papers as Exhibit A (NYSCEF Doc No. 4) is deemed timely served *nunc pro tunc*; and it is further

ORDERED and ADJUDGED that Petitioner shall commence an action and purchase a new index number in the event a lawsuit arising from this notice of claim is filed; and it is further

ORDERED AND ADJUDGED that the Clerk of the Court is directed to carry out the foregoing directives as required.

This constitutes the amended decision, order, and judgment of the court.

| **1/30/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **HASA A. KINGO, J.S.C.** | |
| CHECK ONE: | X  CASE DISPOSED | | ☐  NON-FINAL DISPOSITION | |
| | ☐  GRANTED | ☐  DENIED | X  GRANTED IN PART | ☐  OTHER |
| APPLICATION: | ☐  SETTLE ORDER | | ☐  SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐  INCLUDES TRANSFER/REASSIGN | | ☐  FIDUCIARY APPOINTMENT | ☐  REFERENCE |

---

[2] The court notes that in this instance, DASNY has even less of a connection to the subject property than an out-of-possession title owner, as CUNY held title to the subject property on the date of the incident.

**150173/2025   BILLINGSLY, MONICA vs. CITY UNIVERSITY OF NEW YORK ET AL**      **Page 4 of 4**
**Motion No.  001**