Morley v New York Convention Ctr. Operating Corp. (2025 NY Slip Op 51244(U))

[*1]

Morley v New York Convention Ctr. Operating Corp.

2025 NY Slip Op 51244(U)

Decided on August 6, 2025

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 6, 2025
Supreme Court, New York County

Gregory Morley, Plaintiff,

against
New York Convention Center Operating Corporation d/b/a 
 Jacob K. Javits Convention Center, New York Convention Center Development Corporation, New York State Urban Development Corporation d/b/a Empire State Development, City of New York, Defendant.

Index No. 153216/2025

For Plaintiff: MATTHEW J. SALIMBENE, P.C.
By: Kyle J. McLaughlin, Esq.

For Defendants: KENNEDYS CMK LLP
By: Nathaniel Ogden Kraus, Esq.

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 were read on this motion to DISMISS.
Defendants NEW YORK CONVENTION CENTER OPERATING CORPORATION d/b/a JACOB K. JAVITS CONVENTION CENTER, NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION, and NEW YORK STATE URBAN DEVELOPMENT CORPORATION d/b/a EMPIRE STATE DEVELOPMENT (collectively, "Javits Defendants") seeking dismissal of Plaintiff's complaint pursuant to CPLR § 3211 for failure to timely serve a notice of claim pursuant to General Municipal Law ("GML") § 50-e. Plaintiff GREGORY MORLEY ("Plaintiff") opposes the motion and cross-moves pursuant to GML § 50-e(5) for leave to serve a late notice of claim, nunc pro tunc. For the reasons set forth below, Defendants' motion to dismiss is denied, and Plaintiff's cross-motion for leave to serve a late notice of claim is granted.
BACKGROUND AND PROCEDURAL HISTORY
This personal injury action arises from an incident that occurred on September 19, 2024, when Plaintiff allegedly tripped and fell due to a defective sidewalk joint located in front of 655 [*2]West 34th Street, adjacent to the Jacob K. Javits Convention Center ("Javits Center") in Manhattan (NYSCEF Doc No. 1, complaint ¶¶ 8, 133). Plaintiff allegedly sustained a fracture of his fifth metatarsal as a result.
On or about November 1, 2024, Plaintiff timely served a notice of claim upon the City of New York. However, Plaintiff did not serve a notice of claim upon the Javits Defendants within the statutory 90-day period ending December 18, 2024. On or about March 11, 2025, Plaintiff commenced this action by filing a summons and complaint.
Thereafter, Javits Defendants moved to dismiss the complaint, citing Plaintiff's failure to comply with the notice of claim requirement set forth in GML § 50-e, which applies to public benefit corporations such as the Javits Center pursuant to Public Authorities Law §§ 2560, 2562, and 2570.
Plaintiff cross-moved for leave to serve a late notice of claim nunc pro tunc, arguing that the Javits Defendants received timely notice via a certified preservation letter mailed on October 1, 2024, and that the Javits Defendants have not been substantially prejudiced by the delay.
Defendant the City of New York (the "City") takes no position on the Javits Defendants' and Plaintiff's respective applications, as confirmed at oral argument before the court on August 5, 2026.

ARGUMENTS
The Javits Defendants seek dismissal of Plaintiff's complaint pursuant to CPLR § 3211, arguing that Plaintiff failed to serve a timely notice of claim as required by General Municipal Law § 50-e and Public Authorities Law § 2570 (NYSCEF Doc No. 8, notice of motion). They contend that Plaintiff was clearly aware of the statutory notice requirement, having served a timely notice of claim on the City of New York on November 1, 2024. Despite this awareness, Plaintiff failed to serve a notice of claim on the Javits Defendants within the 90-day period following the alleged incident on September 19, 2024, and has not demonstrated a reasonable excuse for this failure (NYSCEF Doc No. 8, aff in support ¶ 4). The Javits Defendants further maintain that Plaintiff's certified mailing of a preservation letter on October 1, 2024, does not satisfy the statutory notice requirement because the letter was misaddressed, bore the wrong ZIP code, and was never delivered to them. According to USPS tracking records submitted by the Javits Defendants, the mailing was returned due to "INSUFFICIENT ADDRESS," and ultimately delivered to Plaintiff's own address. As a result, they argue, they lacked actual notice of the claim until many months later. Moreover, the Javits Defendants assert that the delay in service substantially prejudiced their ability to investigate and defend against the claim, particularly given the automatic deletion of surveillance footage after 45 days and the absence of a contemporaneous investigation or identification of witnesses (id. ¶ 15, 19, 26-27).
In opposition, Plaintiff argues that the letter of representation mailed on October 1, 2024—less than two weeks after the accident—was sufficient to put the Javits Defendants on actual notice of the essential facts constituting the claim. Plaintiff maintains that the letter, which identified the date, location, and nature of the incident, was sent to the public address listed on the Javits Center's own website and that service by certified mail is deemed complete upon mailing under established New York law. Plaintiff acknowledges the failure to timely serve a formal notice of claim but argues that the effort to notify the Javits Defendants—coupled with the unchanged condition of the sidewalk and the absence of any identifiable witnesses—mitigates any prejudice. Plaintiff also notes that surveillance footage would have been deleted under Javits' own policies even had a timely notice been filed on day 75 or later, [*3]thereby undermining the Javits Defendants' claim of prejudice due to spoliation. Plaintiff further submits that he acted in good faith by initially serving the City of New York and, upon learning that the Javits Defendants were public benefit corporations, moved promptly to correct the oversight. Plaintiff emphasizes that this case, like Matter of Richardson (136 AD3d 484 [1st Dept 2016], lv denied 28 NY3d 905 [2016]), involves a continuing sidewalk defect that remains unchanged, supporting the argument that the delay has not materially impaired the Javits Defendants' ability to defend the case. Plaintiff urges the court to exercise its broad discretion under GML § 50-e(5) to permit late filing in the interest of justice (NYSCEF Doc No. 15, aff in opposition ¶¶ 16, 36, 51, 42).
In reply, the Javits Defendants assert that the October 1, 2024 was not delivered to the Javits Center because it was incorrectly addressed to zip code 10018 instead of 10001 (NYSCEF Doc No. 26, reply aff ¶ 9). In support of their position, the Javits Defendants submit a copy of an Archive United States Postal Service ("USPS") Tracking Plus Statement retrieved with the tracking number for the letter provided in Plaintiff's opposition (NYSCEF Doc No. 27, tracking report). The tracking report indicates that the letter was marked "INSUFFICIENT ADDRESS" at a location listed as "New York, New York 10018" on October 5, 2024, then marked "DELIVERY ATTEMPTED — NO ACCESS TO DELIVERY LOCATION" at a located indicated as "New York, New York 10170," before finally being marked "DELIVERED" at "New York, New York 10170 (id.). The Javits Defendants posit that the letter was returned to the office of Plaintiff's counsel, which has a mailing address in the 10170 zip code. The Javits Defendants submit affirmations of George F. du Pont, Esq., Associate General Counsel for the Javits Center, and Amy O'Connor, Esq., Senior Counsel for the New York State Urban Development Corporation d/b/a Empire State Development, who each attest that they performed an extensive search of their respective employer's records and found no records of the letter (NYSCEF Doc No. 28, 29). Finally, the Javits Defendants allege that they would be specifically prejudiced by a late notice of claim because surveillance camera footage of the Javits Center is automatically erased after 45 days and is now irretrievable because they did not receive notice of the claim within that time period and there are no witnesses to the incident (NYSCEF Doc No. 26, reply aff ¶¶ 20-21). The Javits Defendants also dispute whether the condition remains unchanged from the date of the incident and asserts that a four-month delay is unreasonable (id. ¶ 23, 24).
Finally, in further opposition to the motion and in support of the cross-motion, Plaintiff argues that the 10018 zip code is automatically added when the mailing address to the Javits Center is entered into Stamps.com, the mail service utilized by Plaintiff's counsel, and 10018 is also returned as the proper zip code when the Javits Center's address is entered on the USPS "Look Up a Zip Code" website (NYSCEF Doc No. 31, aff in further support ¶¶ 5-6). Plaintiff asserts that the address provided on the Javits Center's website, 429 11th Avenue, New York, New York 10001 does not exist and is not a proper mailing address, and that Plaintiff should not bear the burden of any zip code error made by the Javits Center or the USPS (id. ¶¶ 7, 10). Plaintiff also asserts that the Javits Defendants are not prejudiced because the loss of surveillance video was not caused by Plaintiff's failure to timely serve a notice of claim because the video would have been irretrievable if Plaintiff had served the notice between 45 and 90 days after the alleged date of injury and because the sidewalk defect remains unchanged from the date of the alleged date of injury (id. ¶¶ 16, 20). Finally, Plaintiff objects to any implication that any portion of Plaintiff's 50-h testimony regarding the alleged injury was untrue (id. ¶¶ 27-28).

DISCUSSION
The court begins its analysis with the governing legal framework. Under General Municipal Law § 50-e(1)(a), a notice of claim must be served within 90 days after the claim arises. Public Authorities Law § 2570 explicitly applies this requirement to the Javits Defendants. However, GML § 50-e(5) affords courts the discretion to permit the late filing of a notice of claim upon consideration of three principal factors: (1) whether the public entity acquired actual knowledge of the essential facts within 90 days or a reasonable time thereafter; (2) whether the petitioner provided a reasonable excuse for the delay; and (3) whether the delay substantially prejudiced the public entity. The factors are to be considered in totality, and the absence of one is not dispositive (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465 [2016]; Matter of Corwin v City of New York, 141 AD3d 484 [1st Dept 2016]).
Indeed, "[c]ourts have broad discretion to extend the 90-day time limitation 'in exceptional cases' upon consideration of all relevant factors, provided the statute of limitations of one year and 90 days has not already expired" (Jaime v City of New York, 41 NY3d 531, 540 [2024]). To be sure factors are to be liberally construed to effectuate the remedial purpose of the statute (Matter of Newcomb, 28 NY3d at 465, supra). "The presence or absence of any one factor is not determinative" (Matter of Corwin, 141 AD3d at 489, supra). 
I. Actual Knowledge
Generally, the "most important factor" is whether the municipality received actual knowledge of the essential facts within the statutory timeframe (Jaime v City of New York, 41 NY3d at 540, supra; Matter of Corwin, 141 AD3d 484, supra). Plaintiff mailed a certified preservation letter to the Javits Center on October 1, 2024—merely twelve days after the incident. The letter specified the time, location, and nature of the accident, and requested preservation of evidence. The court credits Plaintiff's position that the letter was sent to the address listed on the Javits Center's website. That a tracking issue later arose, or that delivery was ultimately unsuccessful due to a discrepancy in the ZIP code, does not negate the legal effect of Plaintiff's efforts. Service by mail is complete upon mailing, and a properly executed affidavit of service raises a presumption of proper service (Matter of ATM One v Landaverde, 2 NY3d 472 [2004]).
Moreover, the Javits Defendants do not dispute that they were served with the summons and complaint via the Secretary of State on March 17, 2025. This reinforces that Plaintiff made diligent efforts to identify and serve the proper parties.
Nevertheless, even assuming arguendo that service upon the Javits Defendants was defective within the statutorily prescribed 90-day period, other considerations, as discussed infra, weigh in Plaintiff's favor notwithstanding.
II. Reasonable Excuse
Although Plaintiff has not articulated a compelling excuse for the failure to timely file the notice, the Appellate Division, First Department, has repeatedly held that the absence of a reasonable excuse does not mandate denial of leave where the other factors favor the plaintiff (see e.g., Matter of Richardson, 136 AD3d 484, supra). Here, Plaintiff and his counsel, having initially believed that the City of New York was the responsible entity, acted promptly to correct the oversight upon learning that the Javits Defendants were public benefit corporations (see Matter of Orozco v City of New York, 200 AD3d 559 [1st Dept 2021]).
III. Prejudice
On a motion to file a late notice of claim, the plaintiff bears the initial burden of [*4]demonstrating that the late notice will not substantially prejudice the defendant (see Matter of Newcomb, 28 NY3d at 466, supra). "Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (id.). Both the length of the delay and lack of actual knowledge of the facts underlying the claim can affect whether the late notice substantially prejudices the public corporation in defending the claim (id. at 467). Once the plaintiff has made an initial showing that the public corporation will not be substantially prejudiced, the public corporation must rebut the showing with particularized evidence (id.).
Here, the court finds that Plaintiff has met his initial burden, and that the Javits Defendants have not demonstrated substantial prejudice arising from the four-month delay. Plaintiff provided evidence that the defective sidewalk joint remains unchanged from the date of the accident, as documented in photographs taken both near the date of loss and again in June 2025. This is not a case involving a transient hazard or fleeting condition. In Matter of Richardson, 136 AD3d at 485, supra, and later in Eboni B. v New York City Hous. Auth., 148 AD3d 486 (1st Dept 2017), the Appellate Division, First Department, permitted a late notice of claim where the condition remained unchanged over several months (eight and ten, respectively) and there were no witnesses. The same applies here.
As to video footage, even if Plaintiff had filed the notice on day 46, 47, or say 75—well within the 90-day window—it would have been after the 45-day automatic deletion policy conceded by the Javits Defendants. Thus, the absence of video cannot be attributed to the delay. As the Court of Appeals made clear in Matter of Newcomb, 28 NY3d 455, supra, the showing of prejudice must be particularized and based on actual evidence. Here, the Javits Defendants have failed to rebut Plaintiff's plausible argument with any particularized showing of prejudice.
The cases cited by Defendants—Romero v. City of New York, 235 AD3d 546, 547 (1st Dept 2025), Matter of Vargas v. New York City Hous. Auth., 232 AD2d 263, 263 (1st Dept 1996) McGinness v. City of New York, 113 AD3d 566, 566 (1st Dept 2014), and Matter of Borrero v. New York City Hous. Auth., 134 AD3d 1104, 1105 (1st Dept 2015)—are distinguishable. In each, the Appellate Division, First Department, found that the plaintiffs had failed to show either actual notice, a continuing condition, or an absence of prejudice. That is not the case here. Plaintiff has demonstrated that the condition remains unchanged, that a preservation letter was sent within two weeks, and that the delay has not substantially impaired the Javits Defendants' ability to mount a defense.
In addition, the application is indisputably timely, as it falls well within the one year and ninety-day statute of limitations imposed by GML § 50-i(1) (see Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256 [1980]).
In sum, while the court acknowledges the perceived procedural lapse noted by the Javits Defendants as it relates to notice, it cannot ignore that the essential goals of GML § 50-e—namely, affording the public entity a fair and timely opportunity to investigate and evaluate the claim—have not been frustrated in this case. The court declines to elevate form over substance and exercises its discretion to allow this action to proceed on the merits.
While Plaintiff may have not complied with the statutory 90-day deadline under GML § 50-e, the court exercises its discretion to permit the late filing of a notice of claim pursuant to § 50-e(5). Indeed, the court finds that Plaintiff has demonstrated that the Javits Defendants had timely notice of the essential facts of the claim or should have, that the condition complained of remains unchanged, and that the Javits Defendants' have not suffered any substantial prejudice [*5]by the delay. To reiterate, the Javits Defendants only claim of prejudice is premised on its perceived inability to preserve surveillance footage. But as explained above, this contention is not dispositive. According to the Javits Defendants' own submissions, video footage is only retained for 45 days unless preserved. Thus, even if Plaintiff had filed a timely notice of claim on the 46th day post-incident, well within the statutory timeframe, the video still would not have been available. The mere possibility that surveillance footage once existed but was overwritten before a claim was formally filed cannot amount to substantial prejudice when such footage would not have been available under a timely filing either. As the Court of Appeals clarified in Matter of Newcomb, 28 NY3d 455, supra, the showing of prejudice must be particularized and substantial, not speculative or generalized. The Javits Defendants have failed to meet that burden here. Similarly, as in Matter of Richardson, 136 AD3d 484, supra, and Eboni B., 148 AD3d 486, supra, this case involves a persistent sidewalk defect that has remained unchanged since the time of the incident. This continuity strongly supports the conclusion that the brief delay in service has not materially impaired the Javits Defendants' ability to investigate the claim or mount a meaningful defense. Finally, to the extent that the Javits Defendants contend that witness memories may have faded due to the passage of time, the court notes—as clarified during oral argument on August 5, 2025—that Plaintiff testified at his GML § 50-h hearing that there were no witnesses or other individuals present in the vicinity at the time of his alleged fall. That testimony stands unrebutted and underscores the absence of any prejudice to the Javits Defendants. They retain the ability to inspect the alleged defect, which remains unchanged, and face no risk of faded witness recollections, as there are no witnesses whose memories could have deteriorated. These facts render the present case substantively distinguishable from the Appellate Division, First Department cases relied upon by the Javits Defendants, and more closely aligned with those cited by Plaintiff, including Matter of Richardson, 136 AD3d 484, supra, and Eboni B., 148 AD3d 486, supra.
In the final analysis, the statute conferring this court's discretionary authority is remedial in nature and must be applied in a manner consistent with its underlying purpose—to promote the fair adjudication of claims on their merits rather than to erect procedural barriers that thwart otherwise valid and well-supported actions (see Goodwin v New York City Hous. Auth., 42 AD3d 63 [1st Dept 2007]). It is a long-standing principle of our jurisprudence that litigation should be resolved on the substance of the claims, not on technicalities. Accordingly, the court finds that this matter should proceed on the merits.
Accordingly, the Javits Defendants' motion is denied, and Plaintiff's cross-motion is granted. As such, it is hereby
ORDERED that the motion by Defendants NEW YORK CONVENTION CENTER OPERATING CORPORATION d/b/a JACOB K. JAVITS CONVENTION CENTER, NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION, and NEW YORK STATE URBAN DEVELOPMENT CORPORATION d/b/a EMPIRE STATE DEVELOPMENT to dismiss the complaint is denied; and it is further
ORDERED that Plaintiff's cross-motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e(5) is granted; and it is further
ORDERED that the notice of claim served by Plaintiff upon the aforementioned Defendants is hereby deemed timely nunc pro tunc; and it is further
ORDERED that the Clerk is directed to set this matter down for a preliminary conference in the Differentiated Case Management Part on the next available date.
This constitutes the decision and order of the court.
DATE 8/6/2025
HASA A. KINGO, J.S.C.